IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOAQUIN HERNANDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-cv-399-DES |
| | ) |
| FRANK BISIGNANO,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| Defendant. | ) |

**OPINION AND ORDER AWARDING ATTORNEY FEES
PURSUANT TO 42 U.S.C. § 406(b)**

Before the Court is the Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by Lisa J. McNair Palmer, counsel for Plaintiff ("Counsel"). (Docket No. 22). On March 4, 2026, the Court conducted a hearing on Counsel's motion. The Commissioner neither supports nor objects to Counsel's motion. (Docket No. 24). For the reasons set forth below, Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket No. 22) is GRANTED, and $24,520.00 is awarded to Counsel pursuant to 42 U.S.C. § 406(b).

I.   **Background**

Plaintiff appealed the Commissioner's adverse decision denying his request for benefits. (Docket No. 2). The Court reversed the Commissioner's decision and remanded the case for further proceedings on April 12, 2024. (Docket Nos. 17, 18). As the prevailing party in such action, Plaintiff was awarded $5,316.50 in attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). (Docket No. 21). On remand, the Commissioner found Plaintiff was disabled for a

---

[1] Effective May 7, 2025, Frank Bisignano, Commissioner of Social Security, is substituted as the defendant in this action pursuant to Fed. R. Civ. P. 25(d). No further action is necessary to continue this suit by reason of 42 U.S.C. § 405(g).

closed period from December 3, 2021, through June 5, 2024, and Plaintiff was awarded past-due benefits in the amount of $134,880.00.[2] (Docket Nos. 22-1 at 1, 22-2 at 19). The Commissioner withheld a total of $33,720.00 from Plaintiff's award, which represents 25% of the total past-due benefits awarded, to pay attorney and/or representative fees. (Docket No. 22-1 at 2). This withheld amount consists of $9,200.00 for Plaintiff's representative at the administrative level and $24,520.00 for attorney fees for representation in federal court. (Docket No. 22 at 1).

Counsel requests a fee award of $24,520.00, or 18.18% of the total past-due benefits pursuant to both 42 U.S.C. § 406(b) and the terms of the contingency fee contract between Plaintiff and Counsel. Plaintiff retained Counsel to appeal the Commissioner's adverse decision denying benefits. As part of this engagement, Counsel entered into a contract for compensation with Plaintiff, providing for the payment of a fee equal to 25% of any past-due benefits ultimately awarded to Plaintiff. (Docket No. 22-3). Such contracts are recognized as valid under prevailing case authority. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

As an initial matter, the Court finds that Counsel's fee motion was timely filed. A request for fees pursuant to 42 U.S.C. § 406(b) must employ the relief provisions of Fed. R. Civ. P. 60(b)(6) to ensure timeliness. *McGraw v. Barnhart,* 450 F. 3d 493, 505 (10th Cir. 2006). Since Rule 60(b)(6) motions "must be made within a reasonable time," Fed. R. Civ. P. 60(c)(1), a motion for attorney fees made pursuant to 42 U.S.C. § 406(b) must be filed "within a reasonable time of the Commissioner's decision awarding benefits." *McGraw,* 450 F.3d at 505. In this District, "a reasonable time" means within thirty days of issuance of the notice of award unless there is good

---

[2] The amount of Plaintiff's past-due benefits is not in the record; however, according to the Representative Fee Information (Docket No. 22-1 at 2), $33,720.00 represents twenty-five percent of Plaintiff's past-due benefits. Thus, Plaintiff's past-due benefit award is approximately $134,880.00 ($33,720.00 x 4).

reason for a lengthier delay. *See, e.g., Harbert v. Astrue,* No. CIV-06-90-SPS, 2010 WL 3238958, at *1 n. 4 (E.D. Okla. Aug. 16, 2010) ("The Court notes here that while no explanation is needed for a Section 406(b)(1) motion filed within thirty days of issuance of the notice of a[ward], lengthier delays will henceforth be closely scrutinized for reasonableness, including the reasonableness of efforts made by appellate attorneys to obtain a copy of any notice of award issued to separate agency counsel.") Here, Counsel became aware that past due benefits were generated for Plaintiff on December 31, 2025, when she received the Notice of Award dated November 24, 2025 (Docket Nos. 22 at 2, 22-1 at 1) and Counsel filed her motion for § 406(b) fees 30 days later, on January 30, 2026. (Docket No. 22). The Court thus concludes Counsel was diligent and timely in filing the request for § 406(b) fees.

Regarding the amount of fees requested, "Congress prescribed specific limitations on the amount of fees which may be awarded for representation of Social Security claims." *Wrenn ex rel. Wrenn v. Astrue,* 525 F.3d 931, 932 (10th Cir. 2008). The amount awarded to an attorney for successfully prosecuting an appeal of a denial of Social Security benefits and obtaining benefits for a claimant may not exceed 25% of the claimant's past-due benefits. *Id*. (citing 42 U.S.C. § 406(b)(1)(A)). Although § 406(b) does not displace contingency-fee arrangements for fees up to 25% of the past-due benefits, § 406(b) nonetheless calls for the Court to function as "an independent check" and review contingency-fee arrangements "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. Factors relevant to the reasonableness of the fee request include: (1) the character of the representation and the results achieved; (2) whether the attorney engaged in any dilatory conduct or provided substandard representation; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time

spent on the case that a "windfall" to the attorney would result. *Id*. at 808. The attorney has the burden of showing that the requested fee is reasonable, and the Court may require the attorney to submit a record of the hours spent representing the claimant and a statement of the attorney's normal hourly billing rate for non-contingency fee cases. *Id*. at 807-08.

Counsel's requested fee does not exceed either the contractual agreement for 25% of Plaintiff's past-due benefits or the limits of § 406(b). Applying the *Gisbrecht* factors, the undersigned Magistrate Judge concludes that the requested fee is reasonable. Counsel secured a fully favorable result for Plaintiff in the form of a substantial past-due benefits award. Plaintiff's success on appeal also enabled him to obtain $5,316.50 in attorney fees pursuant to the EAJA, which will essentially reduce any amount awarded from his past-due benefits. Moreover, there is no indication that Counsel caused any undue delay in these proceedings or represented Plaintiff in a substandard manner. Finally, the Court has reviewed the contemporaneous time and expense records and finds the time expended to be reasonable and necessary considering the results obtained. These records indicate Counsel spent 21.7 hours of attorney time on this matter, which yields an hourly rate of approximately $1,129.95. The requested fee is not a "windfall" that should be reduced by the Court under *Gisbrecht*, especially considering the fee was contingent and lies below the range of Social Security contingency fee awards in this District. *See, e.g., Wilson v. Kijakazi,* No. CIV-20-202-SPS, 2023 WL 2813623, at *2 (E.D. Okla. Apr. 4, 2023) (unpublished) ($434.22 per hour); *Hovey v. O'Malley*, No. CIV-20-444-JFH-GLJ, 2024 WL 647649, at *2 (E.D. Okla. Jan. 29, 2024) (unpublished), *report and recommendation adopted by*, 2024 WL 643220 (E.D. Okla. Feb. 15, 2024) ($1,641.96 per hour).

If for any reason the Commissioner may not have sufficient funds on hand to satisfy the recommended $24,520.00 award herein, Plaintiff's attorney will have to recover the difference from the Plaintiff himself, not from his past-due benefits. *See Wrenn,* 525 F.3d at 933 ("If the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court, the attorney must look to the claimant, not the past-due benefits, to recover the difference." Moreover, because the recommended award herein pursuant to § 406(b) exceeds the previously awarded EAJA fees, Plaintiff is entitled to a full refund of the smaller EAJA fee award. *See Gisbrecht*, 535 U.S. at 796 (noting fee awards may be made under both the EAJA and § 406(b), "but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .") (quotation omitted); *Wrenn*, 525 F.3d at 934 ("If both [EAJA and § 406(b) fees] are awarded, attorneys are required to refund the lesser of the EAJA or § 406(b) fees to the client, they cannot keep both."); *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986) ("To prevent double payment of fees for the same work under both [the EAJA and § 406(b)], however, congress directed that the smaller amount be given to the client.").

IT IS THEREFORE ORDERED that Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket No. 22) is GRANTED, Counsel is awarded $24,520.00 as a reasonable attorney fee pursuant to 42 U.S.C. § 406(b) for Counsel's representation of Plaintiff before this Court, and the Commissioner is authorized to release to Counsel directly the balance of any of Plaintiff's past-due benefits in his possession up to said amount.

IT IS FURTHER ORDERED that upon receipt of the balance of Plaintiff's past-due benefits in the Commissioner's possession, Counsel shall refund to Plaintiff the smaller amount

between the EAJA fees previously awarded and any § 406(b) fees awarded. *See Weakley,* 803 F.2d at 580.

DATED this 5th day of March, 2026.

_____
D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE